[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court on appeal from the September 3, 1997 judgment of the Erie County Court of Common Pleas which denied the request of appellant, Russell E. Brennan Jr., for reduction of his child support obligation. On appeal, appellant asserts the following assignments of error:
"FIRST ASSIGNMENT OF ERROR
 IT WAS AN ABUSE OF DISCRETION AND AGAINST THE WEIGHT OF THE EVIDENCE FOR THE TRIAL COURT TO ADOPT THE FINDINGS OF MAGISTRATE ESTABLISHING THAT THE DEFENDANT LEFT HIS JOB BECAUSE THE STRENUOUS NATURE OF THE JOB WAS TOO MUCH FOR HIS BACK, RATHER THAN ACKNOWLEDGING THAT THE DEFENDANT LEFT HIS JOB UNDER ADVISEMENT BY VA.
"SECOND ASSIGNMENT OF ERROR
 IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO IGNORE THE DEFENDANT'S TESTIMONY REGARDING HIS DISABILITY AS HEARSAY.
"THIRD ASSIGNMENT OF ERROR
 IT WAS AN ABUSE OF DISCRETION AND AGAINST THE WEIGHT OF THE EVIDENCE FOR THE TRIAL COURT TO ADOPT THE FINDINGS OF THE MAGISTRATE STATING THAT THE INCREASE IN THE DEFENDANT'S DISABILITY DID NOT LIMIT HIS ABILITY TO WORK AS A MECHANIC.
"FOURTH ASSIGNMENT OF ERROR
 IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ADOPT THE DECISION OF THE MAGISTRATE WHICH ERRANTLY USES CALCULATION AS A METHOD FOR DETERMINING WHETHER OR NOT A CHANGE OF CIRCUMSTANCES HAD OCCURRED, RATHER THAN A DETERMINATION OF GOOD CAUSE.
"FIFTH ASSIGNMENT OF ERROR
 IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ADOPT THE FINDINGS OF THE MAGISTRATE STATING THAT THERE WAS NO CHANGE OF CIRCUMSTANCES.
"SIXTH ASSIGNMENT OF ERROR
 IT WAS UNREASONABLE AND AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ADOPT THE FINDINGS OF THE MAGISTRATE STATING THAT THE DEFENDANT IS `VOLUNTARILY UNEMPLOYED'.
"SEVENTH ASSIGNMENT OF ERROR
 IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO HAVE ADOPTED THE FINDINGS OF THE MAGISTRATE IMPUTING THE DEFENDANT'S PREVIOUS WAGES AS `POTENTIAL INCOME'.
"EIGHTH ASSIGNMENT OF ERROR
 IN COMPUTING A NEW CHILD SUPPORT ORDER FOR THE PURPOSE OF ASSESSING WHETHER A CHANGE OF CIRCUMSTANCES HAD OCCURRED, IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ADOPT THE DECISION OF THE MAGISTRATE WHICH IMPUTES AN INCORRECTLY LOW WAGE FOR THE PLAINTIFF.
"NINTH ASSIGNMENT OF ERROR
 IN COMPUTING A NEW CHILD SUPPORT ORDER FOR THE PURPOSE OF ASSESSING WHETHER A CHANGE OF CIRCUMSTANCES HAD OCCURRED, IT WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR THE TRIAL COURT TO FAIL TO GIVE DEFENDANT CREDIT FOR ALL OUT-OF-POCKET INSURANCE EXPENSES HE PAID IN 1995 AND 1996.
"TENTH ASSIGNMENT OF ERROR
 IN COMPUTING A NEW CHILD SUPPORT ORDER FOR THE PURPOSE OF ASSESSING WHETHER A CHANGE OF CIRCUMSTANCES HAD OCCURRED, IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO FAIL TO ADJUST THE CHILD SUPPORT OBLIGATION PURSUANT TO ORC § 3113.215(B)(3) TO COMPENSATE FOR THE GREAT DISPARITY IN INCOME, ASSETS, AND RESOURCES OF BOTH PARTIES.
"ELEVENTH ASSIGNMENT OF ERROR
 IT WAS AN ABUSE OF DISCRETION FOR THE TRIAL COURT TO ADOPT THE FINDINGS OF THE MAGISTRATE WHICH FAILED TO ISSUE AN ORDER REQUIRING THAT THE PLAINTIFF PROVIDE HEALTH INSURANCE COVERAGE FOR THE MINOR CHILDREN WHEN IT IS AVAILABLE TO HER AT NO COST."
The parties were divorced in 1992, and appellant was ordered to pay child support of $130 per week, plus poundage of $2.60, for the benefit of the parties' two minor children who were five and three years old at the time. Appellant was employed by Cedar Fair Limited Partnership to work as a garage mechanic at Cedar Point, with a projected income of $24,000 for 1992. On August 23, 1995, appellant filed a motion to reduce his child support obligation on the ground that a disability required him to change his career path by furthering his education.
At a hearing on the motion, the following evidence was presented. Appellant had injured his back in 1986 while serving in the Army as a mechanic. He was discharged in 1987 as a result of the injury. At the time of his discharge, the Veterans Administration determined that he had a ten percent disability. Appellant was prohibited by law from compelling the Veterans Administration physicians to testify as to his disability, but his medical records were submitted into evidence.
From 1987 until 1989, appellant worked at various jobs. In 1989, he accepted the position at Cedar Point because the hourly wage was significantly higher than what he had been making. The job required him to perform the same work he had done while serving in the Army. Appellant terminated his employment with Cedar Point in August 1994. At that time, appellant was paid $26,752 per year.
Appellant's reason for quitting was that the work was too strenuous for him due to his disability, his disability rating had increased in April 1994 to twenty percent, and he was eligible to participate in the Veterans Administration rehabilitation program. He planned to attend college to become a teacher. He expected to be graduated in December 1997 with an associate's degree. Meanwhile, appellant's only source of income would be his disability benefit and he would reside with his parents. He received from the government $563 per month for vocational rehabilitation and $174 for his disability.
The magistrate concluded that appellant was voluntarily unemployed and imputed income to him of $26,752 per year. Therefore, the magistrate denied appellant's motion to decrease his child support. Appellant filed objections to the magistrate's decision. However, on September 3, 1997, the court adopted the findings of fact and conclusions of law made by the magistrate.
In his first and third assignments of error, appellant argues that the trial court's adoption of the factual findings of the magistrate was an abuse of discretion and contrary to the manifest weight of the evidence.
The Supreme Court of Ohio has held that the factual determination of whether a parent is voluntarily unemployed or underemployed within the meaning of R.C. 3113.215(A)(5), and the potential income to be imputed to the parent, are discretionary decisions to be made by the trial court based upon the facts of the case. Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. Therefore, when we review the issue of whether appellant was voluntarily unemployed, we must apply an abuse of discretion standard of review rather than the manifest weight standard typically applied to factual determinations. The trial court's determination will not be reversed on appeal unless appellant can demonstrate that the court abused its discretionary power. Id. An abuse of discretion is shown if the trial court's decision reflects "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In his first assignment of error, appellant argues that the magistrate's findings that appellant quit his job because the work was too strenuous and that his only medical evaluations came from visits to physicians at the Veterans Administration every few years for disability benefit reviews was contrary to the evidence. Appellant argues that the court should have found that he had been evaluated by physicians on other occasions and that they recommended that he change his career.
Upon a review of the evidence presented, we find that the court's conclusion that appellant quit his job because the work had become too strenuous is not fully correct. More accurately, the evidence shows that appellant quit his job, which required him to do work that was too strenuous for him, so that he could take advantage of his eligibility for participation in the Veterans Administration rehabilitation program once his disability was upgraded to twenty percent. Furthermore, the court's statement that appellant's only medical contacts have been his eligibility exams is incorrect. Appellant testified that he visited his family physician several times after leaving the military. Furthermore, he testified he also had been to the Veterans Administration clinic several times from January to March 1996. Appellant's medical records admitted into evidence support appellant's testimony.
In his third assignment of error, appellant argues that the magistrate's factual finding that there was insufficient proof that a "10% increase in his disability limited his ability to work as a mechanic for his previous employer who had a history of accommodating employee's limitations" was unsupported by the evidence.
While appellant and appellee both testified that appellant's work caused him pain and he did take time off to rest his back, there was no medical evidence that appellant could not work as a mechanic. The Veterans Administration records indicate merely that appellant stated that he quit his job because he could not continue to work as a mechanic due to the pain. This evidence, however, must be balanced against the evidence that the Army would not permit appellant to work as a mechanic after his injury and the Veterans Administration has determined that appellant is eligible for employment rehabilitation. While the magistrate noted that appellee and her current husband both testified that appellant lifted weights as late as 1991, there was no evidence that lifting weights was contraindicated for his injury or that he continued to do so after 1991. The trial court weighed this evidence and concluded that appellant's disability did not prevent him from working. We cannot find that this factual finding was an abuse of discretion.
As to the factual finding that the employer "had a history of accommodating employee's limitations," we find that there is little evidence to support a "history" of accommodation. However, there is evidence that the employer might have worked with appellant had it known of his disability. The Director of Maintenance and Construction for Cedar Point at the time appellant was employed testified that the department had made some exceptions to the job requirements for one employee due to his age (sixty-two or sixty-five years) and physical condition. The director also testified that the company had a policy of trying to accommodate employees with disabilities. Appellee's current husband testified that he knew of other employees who were accommodated because of their disabilities, but he could not recall their names nor their disabilities. Appellant testified, however, that he knew of people who had been fired for having back problems and that he had been threatened with discharge if he took any more time off. While the court's phraseology was not entirely accurate, we cannot find that it was an abuse of discretion for the court to make that factual finding when the essence of the statement is supported by the evidence.
Consequently, we find that appellant's first assignment of error is well-taken and his third assignment of error is not well-taken.
In his second assignment of error, appellant argues that the trial court abused its discretion by disregarding a portion of appellant's testimony as hearsay. While the magistrate did state during the hearing that it was going to disregard appellant's reading from the Veterans Administration records as hearsay, it did admit the records into evidence and relied upon them for part of its factual findings. Therefore, we find appellant's second assignment of error not well-taken.
In his fourth and fifth assignments of error, appellant argues that the trial court erred by basing its determination of whether there was a change in circumstances by determining whether there had been more than a ten percent deviation from the Child Support Guidelines rather than whether there was good cause for appellant's unemployment. Appellant argues that the court must first determine whether there was a change in circumstances to warrant modification of the child support order and then determine the proper amount. Appellant also argues that the court erred by not finding that there was a change of circumstances.
Appellant's argument is based upon a misunderstanding of the current legislative scheme for reevaluating child support orders. The dual-threshold test was specifically rejected by the Supreme Court of Ohio in DePalmo v. DePalmo (1997), 78 Ohio St.3d 535,539-540. Rather, if a motion to modify child support is filed, R.C. 3113.215(B)(4) requires that the court first determine whether there is more than a ten percent deviation between the child support order and the Child Support Guidelines. Id. at paragraph two of the syllabus.
In this case, the trial court followed the proper analysis for determining whether the court should consider modifying the child support order. The reason that the court did not find that there was a sufficient deviation from the Child Support Guidelines was that it found appellant to be voluntarily unemployed and imputed income to him. We address the issue of whether the court abused its discretion when it determined that appellant was voluntarily unemployed in appellant's sixth assignment of error.
Appellant's fourth and fifth assignments of error are not well-taken.
In his sixth assignment of error, appellant argues that the trial court abused its discretion when if found that he was voluntarily unemployed.
Appellant argues that based upon his own assessment of his physical condition and the information supplied by the Veterans Administration, he determined that he should begin employment rehabilitation at this time.
The Supreme Court of Ohio has stated that the primary purpose of R.C. 3113.215 is "to protect and ensure the best interests of children." Rock v. Cabral, supra at 111. Its purpose has never been to "shackle parents to jobs that they held at the time of the divorce or separation, when child support amounts were originally ordered." Koogler v. Koogler (July 18, 1997), Montgomery App. No. 16253, unreported. As the Koogler
court noted, the statute intended for such parents to remain free to take advantage of employment opportunities.
This philosophy is best stated in Martin v. Custer
(Sept. 29, 1993), Darke App. No. 1317, unreported:
 "While a child support obligor may no longer be a completely `free agent' in terms of having an unlimited range of employment choices due to the child support obligation, courts must consider that some reasonable choices which result in short-term consequential reductions in income may in the long-term substantially benefit the living standards of the children. There are times when a court must respect the reasonable choice of an obligor to attempt to better his or her life in the hope that such a choice will ultimately benefit the lives of the children. Such choices are frequently made within the marital relationship to the temporary detriment of the living standard of the children even though parents are under a statutory obligation to support their children.
 "The trial court must, in its sound discretion, determine whether or not the obligor's choice to voluntarily become underemployed is reasonable and made in good faith with no intent to frustrate the child support order."
In order to ensure that a parent makes employment decisions for the proper reasons and not to avoid their child support obligations, the parent must be able to show an "objectively reasonable basis" for terminating or otherwise diminishing employment. The reasonableness of that decision is then evaluated in light of the effect of the parent's decision on the child's interests. Woloch v. Foster (1994), 98 Ohio App.3d 806,811.
Thus, the issue of whether a parent is voluntarily unemployed is a factual issue to be determined by the trial court by using its discretionary powers. Rock v. Cabral, supra, at the syllabus. As noted in the Rock case, "voluntary" is defined in Black's Law Dictionary (6 Ed. 1990) 1575, as follows: "Done by design or intention, intentional, proposed, intended, or not accidental. Intentionally and without coercion."
Appellant has not directed us to any Ohio case similar to his situation. Nor could we find such a case. Nonetheless, upon an examination of the facts in this case, we find that it was unreasonable for the court to deprive appellant of an ability to retrain himself for other work when the opportunity presented itself and when he was encouraged by his physicians and Veterans Administration counselors to do so. While some people are able to continue working while attending college, others cannot. Appellant testified that he does not feel able to do both well. Results of tests performed by the Veterans Administration indicated that he would be an average student in an associates degree program. His grades reflect that this prediction was correct. However, appellant did acknowledge his responsibility to care for his children and suggested that the court impute to him a part-time job wage even though he did not feel that he could work part-time.
Upon a review of the evidence, we find that it was unreasonable for the trial court to find that appellant voluntarily quit his job. While his choice to reeducate himself was in one sense voluntary, he was compelled to make that choice because of his disability and the opportunity presented by the Veterans Administration to learn new skills that would ensure that he could provide for his daughters in the future. Since the children must have some support during appellant's rehabilitation, however, the court could have reasonably found that appellant was voluntarily unemployed in the sense that he could be working a part-time job while attending school. For that reason, we cannot find that the court abused its discretion when it found that appellant was voluntarily unemployed.
Accordingly, we find appellant's sixth assignment of error not well-taken.
In his seventh assignment of error, appellant argues that the trial court erred by imputing his wages to be equal to what he had been earning at Cedar Point when the evidence demonstrated that he has an employment handicap and cannot continue to work as a mechanic.
Under R.C. 3113.215(A)(5), the court determines the potential income to be imputed to a voluntarily unemployed or underemployed parent by determining the income the parent "would have earned if fully employed as determined from the parent's employment potential and probable earnings based on the parent's recent work history, the parent's occupational qualifications, and the prevailing job opportunities and salary levels in the community in which the parent resides[.]" This determination is also a discretionary issue to be decided by the trial court. Rockv. Cabral, supra.
Although we concluded that the court did not abuse its discretion when it found that appellant was voluntarily unemployed, we do find that the court's decision to impute his former full-time wage as his potential income was unreasonable and, therefore, an abuse of the court's discretionary power. Therefore, we find appellant's seventh assignment of error well-taken.
In this eighth assignment of error, appellant argues that the trial court erred when it projected appellee's 1996 income based upon the minimum wage of $4.25 per hour when the minimum wage had increased to $4.75 per hour before the magistrate's report was filed. At the hearing, appellee testified that her actual wages at the time were $4.65 per hour based upon a twenty to twenty-five hour work week.
We agree. Even though the hearing was held in the beginning months of 1997, the magistrate's report was not filed until October 1997. The trial court adopted the magistrate's findings of fact and conclusions of law in a journal entry entered on September 7, 1997. Since there was such a significant delay in the filing of the magistrate's report, she should have made her calculations based upon the minimum wage in effect for that period of time. Furthermore, she should have calculated appellee's actual part-time wages and imputed the remainder based upon an assumption that appellee could earn at least minimum wage. Appellant's eighth assignment of error is well-taken.
In his ninth assignment of error, appellant argues that the trial court erred when it failed to give him credit for all of his out-of-pocket insurance expenses paid in 1995 and 1996. This issue is moot in light of our ruling as to appellant's seventh assignment of error and the need to recalculate appellant's support obligation on remand.
In his tenth assignment of error, appellant argues that the trial court erred by failing to deviate from the Child Support Guidelines. This issue is moot in light of our ruling as to appellant's seventh assignment of error and the need to recalculate appellant's support obligation on remand.
In his eleventh assignment of error, appellant argues that the trial court erred by ordering that each party provide insurance coverage for the children if it is available through their employment at a reasonable cost.
The court found that appellant did not have health care coverage available at a reasonable cost. Despite the evidence presented at the hearing, the court failed to find that appellee's current husband is insuring the children through his employment at no cost. The court's order that both parties acquire insurance for the children without delineating who would decide if "coverage is available at a reasonable cost" is too indefinite to be reasonable. The children might end up without any insurance coverage, which could have a detrimental effect upon their medical care. Such an order also compels one parent to needlessly provide secondary insurance coverage. The order also leaves appellant unsure as to whether the children will actually be insured, which is significant to him when he carries the larger portion of the responsibility for payment of the children's medical expenses. Such an order constitutes an abuse of the trial court's discretion.
Appellant's eleventh assignment of error is well-taken.
Having found that the trial court did commit error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas is reversed in part and affirmed in part as discussed above. This case is remanded to the trial court in order that appellant's child support obligations and the health care insurance coverage can be reassessed as directed in this decision. Pursuant to App.R. 24, appellee is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT REVERSED IN PART
 AND AFFIRMED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________________ Peter M. Handwork, P.J.
JUDGE
 ______________________________ George M. Glasser, J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
CONCUR.